UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELDON C. SWANSON, JR., etc.,
et al.,

      Plaintiffs,

vs.                                              Case No. 3:04-cv-1228-J-20HTS

UNITED STATES OF AMERICA
and ROBINSON AVIATION (RVA),
INC., etc.

      Defendants.
_____

**O R D E R**

      This cause is before the Court on the Motion to Compel (Doc. #26; Motion), filed on November 8, 2005. No opposition has been filed in response thereto, and the time for doing so has passed. *See* Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida.

      The Motion concerns three areas of discovery. First, Plaintiffs seek materials "which reflect a previous history of problems with the [Instrument Landing System (ILS)] at Craig Field[.]" Motion at 2. Additionally, it is asserted Defendant Robinson Aviation (RVA), Inc. (hereinafter Robinson), has failed "to produce any documents or respond to Plaintiffs' Fourth Request for Production" and refused "to permit Plaintiffs' consultant to inspect the control tower at Craig Field." *Id.*

The Motion represents the documents relating to earlier problems with the ILS were sought by way of requests for production to Robinson.[1]  *See id.* at 3-4.  However, "Defendant refused to produce the items, asserting [Robinson] (as distinct from Robinson's lawyer, Mr. [Edward] Booth) did not have the items and that they were the 'personal documents' of Mr. Booth."  *Id*. at 3.  It is also stated that Mr. Booth offered to provide Plaintiffs with the materials prior to becoming counsel in the case, but now refuses to provide the materials in discovery.  *Id.* at 2-3.  No work product is sought and a privilege has not been asserted.  *Id.* at 3.

A request for production to a party pursuant to Rule 34, Federal Rules of Civil Procedure (Rule(s)), does not appear to be the proper method of obtaining documents which are not, in fact, under that party's custody or control.  Rather, Rule 34(c) states that non-parties "may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45."  In other words, materials not under the custody or control of a party must be sought by way of a subpoena.  *See* Rule 45.  Generally, parties are deemed to be in possession and control of documents held by their attorneys.  *See Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001).  That is because "[a] party that

---

[1] The Court interprets this portion of the Motion to relate only to those materials described as having been previously offered to Plaintiffs by Robinson's attorney.  *See id.* at 2-4.

has a legal right to obtain certain documents is deemed to have control of" them.  *Stoldt v. Centurion Indus., Inc.*, No. 03-2634-CM-DJW, 2005 WL 375667, at *7 (D. Kan. Feb. 3, 2005) (internal quotation marks omitted).  Here, where it appears the documents are the personal property of the attorney, *see* Motion at 3, Robinson would have no legal right to them.  As such, they could not be properly obtained by a mere request to produce and the Court will not compel production of them at this time.

With respect to the remainder of the discovery sought, the Motion (Doc. #26) is **GRANTED**.  Defendant shall provide the materials at issue within ten (10) days of the date of this Order.  Additionally, the inspection shall go forward at a mutually agreeable date and time no later than twenty (20) days hence.  Otherwise, the Motion, including the request for fees and expenses contained therein, is **DENIED.**[2]

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of November, 2005.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any

---

[2] If Plaintiffs desire disqualification of Robinson's attorney, they should seek relief by way of an independent motion.