**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ELDON C. SWANSON, JR., etc.,
et al.,

    Plaintiffs,

vs.                                             Case No. 3:04-cv-1228-J-20HTS

UNITED STATES OF AMERICA
and ROBINSON AVIATION (RVA),
INC., etc.

    Defendants.
_____

**O R D E R**

This cause is before the Court on Defendant Robinson Aviation's Motion for Reconsideration (Doc. #33; Motion). Plaintiffs oppose the Motion. Plaintiffs' Response to Defendant Robinson Aviation's Motion for Reconsideration (Doc. #37).

Defendant Robinson Aviation (RVA), Inc. (Robinson) seeks reconsideration by the Court of its Order (Doc. #29; Order), which granted in part Plaintiffs' Motion to Compel (Doc. #26; Motion to Compel). "Specifically, [it] requests the Court to reconsider that portion of its order which granted Plaintiffs' an additional inspection of Robinson's control tower at Craig Field." Motion at 2. In support of the proposed relief, it is stated Defendant

miscalculated the response date and filed its opposition to the Motion to Compel late. *Id.* Also, Robinson believes its objection to the inspection is meritorious as it strongly disagrees with certain factual assertions contained in the Motion to Compel. *Id.*

The standard of review for a motion for reconsideration has been articulated as follows:

> Motions for reconsideration are only granted upon presentation of "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D. Fla. 1993). The need to correct clear error or manifest injustice are grounds justifying reconsideration. *Id.*

*Randles v. Hester*, No. 98-CV-1214, 2001 WL 1736881, at *1 (M.D. Fla. Aug. 10, 2001); *see also Hammond v. City of Junction City*, Kan., 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) ("[C]ourts have recognized three major grounds for granting reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice").

Defendant has not raised grounds for the Court to reconsider the Order. The combination of counsel's error in determining the appropriate time to respond to the Motion to Compel and Defendant's belief that the prior inspection was not "'brief' [or] inadequate[,]" Motion at 2, simply does not present a situation where there has been clear error or manifest injustice.

Accordingly, upon due consideration, the Motion (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of December, 2005.

/s/    Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any